**CHALKER, Appellant, v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, Appellees.**

Common Pleas Court, Summit County.

No. 192872.   Decided January 31, 1955.

Robert Maher, Akron, for appellant.
Board of Review, Bureau of Unemployment Compensation, Columbus, for appellee.

## OPINION

By HARVEY, J.:

The Bureau of Unemployment Compensation denied benefits to the claimant.

The matter is before this Court on appeal, it being the claim of the Appellant that the decision of the Board of Review and the decision of the Referee were contrary to law, unreasonable and against the manifest weight of the evidence.

The appellant in this case was employed by a Building and Loan Association as a charwoman. She was the sole support of three minor children and herself. During her period of employment two officers of the Building and Loan Association sold her a washing machine and other furniture and appliances, and took her note in payment. During her employment she paid a total of about Seven Hundred Dollars at the rate of Ten to Fifteen Dollars a payment on this merchandise, and during the same period that she was paying for the merchandise her wages were garnisheed by other creditors.

These officers of the Building and Loan assisted her with other creditors, and held off garnishments from her wages to pay these creditors. They further warned her that it was against the rules for an employe to have garnishments and that if she had any more garnishments she would be discharged.

Eight days after she paid off the notes of these two executives she was discharged by reason of an indicated garnishment which arose because of another improvident purchase.

The Finding of the Board was that claimant's benefit rights should be suspended in accordance with §1345-6-c (1) GC (§4141.29 R. C.) as of July 20th, 1952.

This section provides that no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual (1) quit his work without cause, or has been discharged for just cause in connection with his work.

It would seem that the phrase "just cause" comprehends some misfeasance or non-feasance and could be synonymous with the phrase "good cause".

A good cause for discharging one would be a cause that arose from some fault which constituted a misconduct, so we see no substantial difference between a discharge for "just cause" in connection with the work, and a statute which provides for discharge for "misconduct in connection with the work".

It would seem that the Board of Review in order to sustain their judgment would necessarily have had to find that this discharge was for just cause, and in addition thereto was a cause which arose in connection with the work.

Of course, an employer has the right to set such standards of employment for the selection of his employees as he may see fit. The employer, therefore, had a right to provide a rule that an employee would be discharged for garnishments. This was a matter of a selection.

Certainly, if one of the executives or tellers in the Building and Loan was persistently having their wages garnisheed that could easily be interpreted as a hazard in the Institution where one handles money daily. It would be fairly interpreted that such a teller who was subject to garnishments could be discharged within the meaning of the statute not only as a just cause but in connection with his work.

But the Court is of the opinion that the discharge in this case could not be interpreted as a discharge for just cause "in connection with her work". Although the employer may make such rules as he sees fit, it does not follow by reason of such selective processes upon the part of the employer that an employe should be deprived of the benefits of unemployment compensation where the discharge is one that is not in connection with her work.

We, therefore, hold that the employer had a right to discharge the employe in this case, and we further hold that the discharge was not in connection with her employment, and does not deprive her of the benefits of the unemployment compensation, because a garnishment of the wages of a charwoman under the circumstances of this case is not such a discharge for just cause in connection with the work as to deprive her of the benefits of this Act.