**CHESTER, Plaintiff-Appellant, v. BOARD OF REVIEW OF THE BUREAU OF UNEMPLOYMENT COMPENSATION, LEEWALL SPORTSWEAR CO., Defendants-Appellees.**

Common Pleas Court, Cuyahoga County.

No. 726363.   Decided December 1, 1959.

Nathan M. Botwin, Cleveland, for plaintiff-appellant.

Mark McElroy, Atty. Genl., Frank A. Szymanski, Asst. Atty. Genl., Cleveland, for Board of Review, Bureau of Unemployment Compensation.

## OPINION

By SAUL S. DANACEAU, J.

This is an appeal by Mary P. Chester from a decision by the Board of Review of the Bureau of Unemployment Compensation rendered on the 24th day of June, 1959, denying unemployment compensation to appellant.

The record discloses that the claimant was employed by The Leewall Sportswear Company for approximately three years and that she was discharged on August 22, 1958, as a result of garnishment of her wages.

Upon application for unemployment benefits, the Administrator on October 10, 1958, held that the discharge was not for just cause in connection with her work and allowed her claim. On October 29, 1958, the Administrator upon reconsideration disallowed her claim. Claimant appealed and the Referee on December 1, 1958, after hearing rendered his decision wherein the discharge was found to be without just cause in connection with her work and her claim for unemployment benefits was allowed. The Board of Review allowed an appeal and on a review of the record without further hearing and with one member dissenting reversed the decision of the Referee and disallowed her claim for unemployment benefits. Claimant appealed and a hearing was held by a referee for and on behalf of the Board of Review on April 24, 1959. The Board of Review, one member dissenting, rendered its decision on June 24, 1959, denying unemployment compensation.

In its findings the board set forth two garnishments arising from the same case in the Municipal Court of Cleveland, the first on May 31, 1958, and the second on August 15, 1958. Evidence that was not refuted was presented to the board at the rehearing held on April 24, 1959, that the said garnishments arose out of a cognovite note judgment taken by Central Discount Corp., apparently an innocent holder, that the note was procured through fraud by one Frank Palmerio who discounted the note with Central Discount Corp., that Palmerio was charged with such offense and pleaded guilty, that claimant informed her employer of the facts pertaining thereto, that while employed by this company for approximately three years there were no other garnishments, that the employer had not complained to or warned the claimant, and that the employer had no definite policy in respect to garnishments. It should be noted that while there is a reference to other garnishments in a prior decision of the Board of Review under date of March 5, 1959, the testimony upon rehearing that there were no garnishments other than the two above described is not refuted.

The board held that the illegality of the note upon which the judgment was based and garnishments issued was beside the point and immaterial and likewise held that the absence of company policy setting up rules relating to garnishments was immaterial. The board relied on

prior board rulings "that a discharge for garnishments is a discharge for just cause in connection with work."

Secs. 4141.29 (C) (1) and 4141.30 (E) R. C., provide:

"(C) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the Administrator finds that such individual:

"(1) Quit his work without just cause, or has been discharged for just cause in connection with his work, * * *"

"Sec. 4141.30 (E) R. C. If an individual became unemployed under circumstances described in division (C) (1) * * * of §4141.29 R. C., then any wages paid to such individual during his base period by the employer from whom such individual became unemployed under circumstances described therein shall be excluded from the computation in determining total benefits payable in division (D) of this section, and no benefits shall thereafter be paid based upon such wages; * * *"

The statute requires that the discharge be for (1) just cause, (2) in connection with his (her) work.

Whether a garnishment is just cause for discharge in connection with his or her work must necessarily depend on the facts and circumstances presented in evidence in a given case.

In **Chalker v. First Federal Savings and Loan Association et al, 71 Abs 87; 126 N. E. 2d, 475**, the court in reversing a decision of the Board of Review denying unemployment benefits to a charwoman whose wages had been garnisheed said:

"Certainly, if one of the executives or tellers in the Building and Loan was persistently having their wages garnisheed that could easily be interpreted as a hazard in the Institution where one handles money daily. It would be fairly interpreted that such a teller who was subject to garnishments could be discharged within the meaning of the statute not only as a just cause but in connection with his work."

"But the Court is of the opinion that the discharge in this case could not be interpreted as a discharge for just cause 'in connection with her work.' Although the employer may make such rules as he sees fit, it does not follow by reason of such selective processes upon the part of the employer that an employe should be deprived of the benefits of unemployment compensation where the discharge is one that is not in connection with her work."

The Court concluded:

"* * * that the discharge was not in connection with her employment, and does not deprive her of the benefits of the unemployment compensation, because a garnishment of the wages of a charwoman under the circumstances of this case is not such a discharge for just cause in connection with the work as to deprive her of the benefits of this Act."

Garnishments may under certain facts and circumstances justify both discharge and a disallowance of unemployment benefits. Where unsuitability to perform the work assigned, frequent and persistent garnishments, disregard of clearly defined rules and warnings, or substantial expense to the employer are shown and an undue hazard to the

employer is evident, the discharge and denial of benefits should be sustained.

The claimant was the victim of a fraud and so informed her employer. The facts pertaining to the fraud so reported were also presented to the Board of Review. The board considered such facts immaterial and relied upon its previous ruling that a garnishment in and of itself without any regard to explanatory facts justified both discharge and denial of unemployment benefits. No person should be penalized by false accusation or by an invalid or wrongful attachment of wages.

In the case before this Court there is no deliberate violation of the employer's rule, no willful disregard of the employer's interest, and no suggestion of unsuitability for the work performed. Under the facts and circumstances of this case, the claimant should have been allowed her unemployment benefits.

The decision of the Board of Review of the Bureau of Unemployment Compensation is unlawful, unreasonable and against the manifest weight of the evidence and is hereby reversed.