COEY, APPELLANT, *v.* BURWELL NURSERIES ET AL., APPELLEES.

(No. 7788—Decided April 20, 1965.)

*Mr. Thomas J. Zuber,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Hubert C. Dutro, Jr.,* for appellee Administrator of the Bureau of Unemployment Compensation.

DUFFEY, J.    This is an appeal from a judgment of the Common Pleas Court of Franklin County affirming the Board of Review and the Bureau of Unemployment Compensation in the denial of benefits to appellant.    The issue is whether there is sufficient evidence to show that appellant was discharged for "just cause" within the meaning of Section 4141.29 (D) (2) (a), Revised Code.

The administrator's decision stated that the claimant "was asked to work on eight Saturdays, starting on August 4, 1962"; that he failed to work all eight, of which seven were without permission; and that "claimant had been warned that he would get into trouble if he continued his practice of not coming to work on Saturdays."

There is absolutely nothing in the record to substantiate those findings, and they are contradicted by the evidence.

The referee affirmed the administrator's denial of benefits. The referee found that, although claimant had in fact missed only two Saturdays, one of the two absences violated "an established rule" as to Saturday work.

There is nothing in the record to substantiate a finding of an "established rule," either in the sense of a specific promulgated rule, written or oral, or in the sense of an implicit but clearly defined policy of operations.

The Board of Review affirmed the referee without explanation.

The Common Pleas Court affirmed on yet a third basis for finding just cause.    Although the court found no violation of an established rule, its position was, in effect, that claimant had violated a specific work order.    However, the court went on to comment that claimant's action in failing to report for work was a tragic and unfortunate failure of a meeting of the minds and a misunderstanding of the nature and meaning of the alleged specific order.

On an appeal to the Common Pleas Court under Section

4141.28, Revised Code, the court is not entitled to make a *de novo* determination. In the present case there is some basis to believe that, rather than determine whether the facts as found by the agency supported the agency's action, the court here rejected the agency's finding of an established rule and substituted its own finding of a specific order. We, therefore, feel that it is dubious whether the court's decision is in accordance with the proper criteria for review. However, in our opinion, no just cause was shown even within the trial court's analysis.

The employer was in the nursery business. The claimant was a 15-year employee. August, September and October were ordinarily "slack season" or "pretty slow" and ordinarily did not require any Saturday work. Claimant worked nine-and one-half hour days for five days a week with some additional overtime. Any Saturday work was also at regular rates.

Appellant was on vacation from July 27 to August 20, 1962. There was no indication prior to his vacation that September or October would have any different schedule than in previous years. There was no Saturday work the weeks of August 24, August 30, September 6 and September 13. There was Saturday work the week of September 21, and claimant did not appear. However, there is no evidence of a reprimand or a warning of any type, and there is positive evidence that nothing was said to appellant about his absence on that particular day. The employer representatives were aware that claimant had purchased a farm that summer and wished to use Saturdays working on his own farm.

There was no Saturday work the following week, September 28. The next Monday, or perhaps later, a notice was posted on the bulletin board:

"All Employees . . . We are working 6 days per week. Anyone not reporting for work on Saturdays need not report on the following Monday."

On that Friday, claimant was told, "Lloyd, we work tomorrow." Claimant replied, "So do I." Claimant clearly meant his farm, and the employer representative did not deny that he understood the claimant to mean just exactly that. Nothing further was said.

The claimant did not appear that Saturday. He skipped

the following Monday and reported on Tuesday and was immediately discharged. He testified, and his conduct confirms, that he understood the notice as imposing a penalty day, *i. e.*, the loss of a day's work for failure to report on Saturday.

The worst that can possibly be said here is that there was, as the trial court found, a misunderstanding. There is nothing to support a finding of a deliberate, willful violation of a specific order or a willful ignoring of his employer's needs. On the record, there is little to support a finding that any specific order to work was given in the sense of communicating to the employee that the work of *this* employee was of particular importance to the employer, or in the context of a clear warning of discharge for failure to report. There is no general evidence that claimant was assigned or was to be assigned to any particular job, nor that on that Saturday there was even any job that had a specific deadline or was otherwise of considerable importance to the employer.

In the absence of an employment contract, the employer does, of course, have a right to discharge. However, this case does not involve any issue of the employer's right to discharge the claimant. The question is whether the claimant did something which should also deprive him of the benefits of the unemployment compensation law. We find no "just cause" within the meaning of that law.

The judgment of the Common Pleas Court will be reversed. An entry may be submitted ordering that claimant be granted benefits according to law.

*Judgment reversed.*

DUFFY, J. (Presiding), and TROOP, J., concur.