KRZYSTON, APPELLANT; *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

(No. L-76-335—Decided March 18, 1977.)

Mr. *George N. Fell, II,* for appellant.
Mr. *William J. Brown,* attorney general, and Mr. *Jerry Arthur Jewett,* for appellees.

BROWN, J. The plaintiff, Karen M. Krzyston, appeals from a final judgment of the Lucas County Court of Common Pleas which affirmed a decision of the board of review, Bureau of Employment Services, which denied unemployment compensation benefits to plaintiff for the stated reason that plaintiff "quit work without just cause" within the meaning of R. C. 4141.29(D)(2)(a).

Although counsel for appellant sets forth no assignments of error, as required by App. R. 16, the thrust of her argument is that the decision of the board of review and the decision of the Court of Common Pleas, which affirmed the board, were unreasonable, unlawful, and not

supported by credible, probative evidence and that plaintiff was entitled to unemployment compensation benefits.

Plaintiff, early in 1973, was employed as a secretary by the Toledo Regional Board of Review, Industrial Commission of Ohio. She had a Clerk IV job classification rating. Her main responsibilities required her to provide office management and secretarial services for the three-member regional board of review at its Toledo office.

In March 1975, plaintiff was requested in a telephone call from Columbus, Ohio, from someone in the office of the administrator of the Bureau of Workmen's Compensation, to help in the typing of decisions rendered in hearings on C-92 applications. These applications dealt with determinations of permanent—partial disability in workmen's compensation cases. Plaintiff agreed to help if time permitted. Within a few days approximately 300 files were placed on the floor of plaintiff's office. Mr. Stoll, deputy administrator of the Toledo office of the Bureau of Workmen's Compensation, told plaintiff that typing the permanent—partial disability decisions in each of the 300 files was her responsibility. Mr. Stoll was not plaintiff's employer, but worked in close coordination with the Toledo Regional Board of Review.

Mr. Stoll and his employees in the Toledo office exerted pressure on plaintiff either to type the C-92 decisions in the 300 files or face probable discharge from employment. The regular duties of plaintiff as secretary for the Toledo Regional Board of Review were so heavy that she had insufficient time to type any of the C-92 decisions. Two members of the regional board tried but failed in their efforts to find a solution in Columbus for plaintiff's problem.

Solely to avoid probable discharge from employment for the failure to type the C-92 decisions, plaintiff submitted her resignation, effective April 18, 1975, to her employer, the Toledo Regional Board of Review. In another two weeks, an additional 300 files with C-92 decisions requiring typing were expected to be delivered to plaintiff.

The secretary who suceeded plaintiff does not have the responsibility of typing C-92 decisions.

The testimony of plaintiff was corroborated substantially by two members of the Toledo Regional Board of Review which employed her. No evidence was offered to oppose plaintiff and no evidence existed to create a factual conflict. We agree with plaintiff's contentions. We reverse.

R. C. 4141.29 provides, in part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions: * * *

"(2) For the duration of his unemployment if the Administrator finds that:

"(a) He quit his work without just cause * * *."

Here an employee was given additional duties by her employer, the regional board of review, or by the Bureau of Workmen's Compensation, with the assent of the regional board, and such additional duties were beyond the employee's work capacity. The employee's failure to fulfill her assigned duties, which were beyond her work capacity, created pressures from co-workers and her employer whereby she obtained a reasonable belief that she would be discharged for a failure to complete the additional duties. Her resignation from her position as a result of such work pressures does not constitute quitting work without just cause, within the meaning of R. C. 4141.29(D)(2)(a). *Coey* v. *Burwell Nurseries* (1965), 2 Ohio App. 2d 102; *Wallace* v. *Bureau of Unemployment Compensation* (1959), 81 Ohio Law Abs. 495; *Chalker* v. *First Federal Savings & Loan Assn.* (1955), 71 Ohio Law Abs. 87; *Hardman* v. *Board of Review* (1964), 28 Ohio Op. 2d 162, 200 N. E. 2d 825; *Bliley Electric Co.* v. *Board of Review* (1946), 158 Pa. Super. 548, 45 A. 2d 898; *National Furniture Mfg. Co.* v. *Review Board* (1960), 131 Ind. App. 260, 170 N. E. 2d 381.

In reviewing the decision of the board of review, the Court of Common Pleas is charged specifically with the following responsibilities under R. C. 4141.28(0), as follows:

"* * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * *"

Measured by the foregoing statutory standards imposed upon the Court of Common Pleas, the decision of the board of review, in denying unemployment compensation benefits to appellant, Karen Krzyston, was "unlawful, unreasonable, and against the manifest weight of the evidence." Our reasons have already been fully explained. Under App. R. 12(C), we have the power and duty to enter the judgment which the trial court should have entered in this case.

The judgment of the Lucas County Court of Common Pleas is reversed, and coming now to enter the judgment which the Court of Common Pleas should have entered, it is ordered, adjudged and decreed that the plaintiff be and she hereby is granted unemployment compensation benefits for the week starting April 26, 1975, based upon a finding that the plaintiff did not "quit work without just cause" within the meaning of R. C. 4141.29(D)(2)(a).

*Judgment reversed.*

CONNORS and WILEY, JJ., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.