NOELKER, APPELLANT, *v.* GREAT OAKS JOINT VOCATIONAL SCHOOL DISTRICT ET AL., APPELLEES.

(No. C-820258—Decided December 29, 1982.)

*Mr. Stanley Hirtle,* for appellant.

*Messrs. Santen, Santen & Hughes* and *Mr. Robert J. Gehring,* for appellee Great Oaks Joint Vocational School Dist.

*Mr. William J. Brown,* attorney general, and *Mr. Eugene P. Nevada,* for appellee Ohio Bureau of Employment Services.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Appellant, James E. Noelker, has timely appealed from an order of the court of common pleas dismissing his appeal from a decision of the Board of Review, Bureau of Employment Services, which denied his claim for unemployment compensation benefits. Appellant originally was awarded benefits by the Administrator, Bureau of Employment Services.

The record reveals that appellant had been employed by appellee school district for four years on a year-to-year contract basis. The superintendent of the school district notified appellant on March 26, 1980, that he intended to recommend to the board of education that appellant not be re-employed for the subsequent school year. Appellant discussed the situation with his immediate supervisor who advised him that his employment record would look better if he preempted possible board termination action by resigning. Appellant thereafter submitted his resignation to be effective upon completion of his current contract.

Appellant's single assignment of error alleges prejudicial error in the dismissal of his appeal and argues that the trial court's action was contrary to law, unreasonable, and against the manifest weight of the evidence. We cannot agree.

Appellant contends that an employee does not quit his job without just cause, within the meaning of R.C. 4141.29 (D)(2)(a), when he resigns under the con-ditions outlined *supra.* He cites *Krzyston v. Indus. Comm.* (1977), 52 Ohio App. 2d 109 [6 O.O.3d 71], as authority for his obtaining unemployment compensation in the matter *sub judice.* In *Krzyston, supra,* benefits were allowed where the employee resigned after being assigned additional duties beyond her work capacity. The employee had a reasonable belief that her failure to perform the additional duties would result in discharge, and the court upon review held that her resignation as a result of such work pressure did not constitute quitting work without just cause within the meaning of the statute. The matter *sub judice* is inapposite in that there is no showing in the record that appellant was given additional duties which he could not perform, creating a fear of discharge. Rather, he resigned in anticipation of discharge based on past performance. Under the holding in *Coleman v. Kroger Co.* (Feb. 20, 1974), Franklin C.P. No. 38188, 8 Unemployment Ins. Rep. ¶1975.18, appellant is not entitled to unemployment benefits. The assignment of error is without merit, and the judgment below is affirmed.

*Judgment affirmed.*

KEEFE, P.J., BLACK and DOAN, JJ., concur.