HOLBROOK, APPELLEE, *v.* BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLANTS.

(No. 3349—Decided January 28, 1985.)

*Pat Booher Rosenthal* and *Northeast Ohio Legal Services,* for appellee.

*James M. McNally,* for appellant Board of Review, Ohio Bureau of Employment Services.

DONOFRIO, J. This is an appeal from a judgment of the trial court reviewing the decision of the defendant-appellant, Board of Review, Ohio Bureau of Employment Services (hereinafter "OBES"), in favor of plaintiff-appellee, claimant Timothy A. Holbrook (hereinafter "appellee").

Appellee was hired by Welded Construction Company on June 1, 1982 and worked as a welder's helper through September 25, 1982. His average weekly wages were in excess of $820. Appellee was previously told by his foreman at Welded Construction that he "would be laid off within the next week."

Lance Hagle, the welder appellee worked for, was in fact laid off on October 7, 1982. Hagle's sworn affidavit to

this effect was submitted by appellee at his hearing and is a part of the certified record before the court of common pleas.

Over the weekend of September 25, 1982, appellee testified: "I received a call from the man who hired me on Joyce Western offering me approximately anywhere from three to four weeks work." Appellee quit his job with Welded Construction and accepted the job with Joyce Western Corporation because they offered him three to four weeks employment and he had been told by his foreman at Welded Construction that he would be laid off within the next week. It was also at a higher hourly rate of pay. Appellee has two dependants and a non-working spouse.

Appellee worked as a welder's helper for Joyce Western from September 28, 1982 to October 8, 1982. He was laid off by Joyce Western due to lack of work. Appellee testified that the layoff was caused by problems in clearing the right of way for a pipeline to be constructed. A sworn affidavit by Dennis Shamblim, Joyce Western's welder foreman for whom appellee was working, substantiates that the right of way caused the job to be halted.

Appellee filed an application for determination of benefits rights with OBES.

In a determination of application for benefit rights mailed February 14, 1983, the administrator ruled that appellee was ineligible for benefits because he quit Welded Construction. This ruling was affirmed in an administrator's reconsideration decision mailed February 25, 1983, which held that appellee quit employment with Welded Construction without just cause and that subsequent employment with Joyce Western was not sufficient to remove the disqualification.

Appellee appealed and a hearing was held before a referee of the board of review on March 28, 1983. Appellee appeared alone at the hearing and was the only witness to testify. His testimony was unrefuted. In a decision mailed April 7, 1983, the referee affirmed the previous decision holding that the evidence presented by appellee did not show that it was "reasonably necessary" for appellee to quit. The referee further held that the quit was without just cause, that appellee was disqualified from benefits, and that the disqualification for the quit without just cause was not removed by subsequent employment because the requirements of R.C. 4141.291 were not met.

Appellee appealed and the board of review denied an application to institute further appeal. An appeal was filed in the Court of Common Pleas of Trumbull County. Judge Nader reversed, specifically holding that appellee had just cause to quit his work and that the decision of the board of review was unlawful, unreasonable, and against the manifest weight of the evidence.

Appellants' sole assignment of error states:

"The Board's decision disqualifying claimant from benefits because he quit work without just cause and did not remove said disqualification is lawful, unreasonable [sic], and not against the manifest weight of the evidence."

R.C. 4141.28(O) authorized the appeal to the common pleas court from the decision of the OBES Board of Review. That statute also sets forth the scope of review by the courts. R.C. 4141.28(O) provides, in pertinent part:

"* * * The appeal shall be heard upon * * * [the] record certified by the board. * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision."

The issue involved herein is whether

appellee quit his employment with Welded Construction with just cause.

R.C. 4141.29 disqualifies claimants from receiving benefits under the following circumstances:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

In their assignment of error appellants argue that appellee quit his employment with Welded Construction to accept new work with Joyce Western. Further, they argue that a quit to accept other employment is a quit without just cause, and, therefore, disqualifying.

Appellants cite cases which indicate that employees who quit their employment to obtain another job either for improvement or higher pay do so without just cause for purposes of unemployment compensation. However, numerous cases support the proposition that the facts surrounding the reason for quitting must be determined and each case be decided upon its own merits. This court has recently decided *Boggs* v. *Admr., Ohio Bureau of Employment Services* (Feb. 4, 1983), Trumbull App. No. 1117, unreported, written by Judge Hofstetter. In *Boggs* we reasoned that the employee who quit for the reason that it was precipitated by notice that the employer was going bankrupt was a quit with just cause as per R.C. 4141.29(D)(2)(a).

Therefore, we look to the facts of the instant case as did the trial court in determining the issue involved. The record indicates evidence of appellee's undisputed sworn testimony that he knew that the job was ending and had been advised of such by his foreman at Welded Construction. Appellee's testimony was given at the hearing before the board of review. He presented notarized statements which were accepted as exhibits. His testimony was not refuted by any statements anywhere in the record.

The court of common pleas, as a reviewing court, reviewed the certified record and the written arguments of the parties and found the decision of quit without just cause to be against the manifest weight of the evidence.

Appellants argue that in essence the trial court conducted proceedings *de novo* and reversed factual findings. We disagree. The trial court was correct in its decision based on the record before it. The instant case is distinguishable from those where the claimant voluntarily quit ongoing employment for a higher paying job. Here the claimant's job was coming to an end.

The payroll clerk for Welded Construction Co. originally thought that the reason the appellee was laid off was that the job was coming to an end and made this statement in a form, titled "Request to Employer for Additional Information," contained in the record:

"After checking with Mr. Holbrook's foreman, it was verified that he did quit several days before he would have been laid off from our employment to go to another job. This was not marked on his record of employment card however, and I assumed since it was so close to the end of the job that he was laid off on 9-24-82. Sorry for any delay this might have caused in processing this claim.

"Sandra Tilley/Payroll Clerk"

We find that the administrator and the board of review's interpretations were unreasonable and unlawful under the facts of the instant record and that the trial judge was correct in his holding. To do otherwise would elevate procedural form over substance. More im-

portantly, it would penalize those who show a willingness to work to support themselves and their families. Accordingly, we overrule appellants' assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

Cox and HOFSTETTER, JJ., concur.

Cox, J., of the Seventh Appellate District, sitting by assignment in the Eleventh Appellate District.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

DONOFRIO, J., of the Seventh Appellate District, sitting by assignment in the Eleventh Appellate District.