**GILLESPIE, Appellant,**

**v.**

**OHIO BUREAU OF EMPLOYMENT SERVICES et al., Appellees.**

[Cite as *Gillespie v. Ohio Bur. of Emp. Serv.* (1989), 63 Ohio App.3d 430.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–846.

Decided June 29, 1989.

*Denmead, Blackburn & Willard,* and *Thomas I. Blackburn,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *George H. Calloway,* for appellee Ohio Bureau of Employment Services.

REILLY, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas which affirmed a decision of the Unemployment Compensation Board of

Review finding that appellant quit his job without just cause and thus was not entitled to unemployment benefits.

Appellant, Alvin Gillespie, worked for University Shell service station for fourteen years. He was laid off from this job in December 1984. He applied for and received benefits from the Ohio Bureau of Employment Services ("OBES").

The benefits terminated when appellant was employed by appellee Ohio Auto Auction on April 1, 1985. He remained at this job until April 23, 1985. Appellant again applied for benefits. His application to open an existing claim for unemployment compensation benefits was disallowed because he had quit his employment with appellee without just cause.

OBES determined that appellant had received benefits for which he was not entitled for the weeks ending April 27, 1985 and May 4, 1985, in the amount of $96 and $126, respectively, and was thus overpaid "$317 [sic]." On June 7, 1985, OBES mailed an order for appellant to repay the sum of "$317 [sic]" and held that he was ineligible for further unemployment compensation benefits until he had worked at least six weeks, earned $510.60 or more and was otherwise eligible. Appellant filed two separate requests for reconsideration of the administrator's order on June 10, 1985 and June 21, 1985. The latter request was filed by appellant's attorney who was unaware that appellant had requested reconsideration.

In the administrator's reconsideration decision, mailed July 16, 1985, OBES amended the administrator's June 7, 1985 order and found that the appellant was only overpaid for the week ending May 4, 1985 in the amount of $126 and appellant was ordered to repay that amount. This decision did not change the previous ruling that appellant was ineligible for further benefits.

In the second decision, also mailed July 16, 1985, entitled the "Administrator's Reconsideration Decision," OBES amended the administrator's June 7, 1985 order, stating that appellant was only overpaid for the week ending April 27, 1985, in the amount of $96, and ordered appellant to repay that amount. The decision still did not disturb the prior ruling that appellant was ineligible for additional benefits.

Appellant filed a notice of appeal to the board of review, but there was a question as to the timeliness of the appeal. That issue was contested in this court, *Gillespie v. Ohio Bur. of Emp. Serv.* (Aug. 14, 1986), No. 86AP–223, unreported, 1986 WL 9059, and was finally resolved in favor of appellant by the Ohio Supreme Court on May 13, 1987, *Gillespie v. Ohio Bur. of Emp. Serv.* (1987), 30 Ohio St.3d 107, 30 OBR 363, 507 N.E.2d 345. The Supreme Court ordered the case remanded to the board of review and a hearing held on the merits of appellant's termination.

A hearing was held on September 30, 1987 before a duly appointed referee of the board of review. The board issued a decision which affirmed the preceding order requiring appellant to repay the benefits received for the week ending on May 4, 1985. Subsequently, the board issued a second decision which affirmed the prior finding that appellant had quit his employment without just cause. Hence, he was not entitled to receive unemployment compensation. Appellant appealed to the Franklin County Common Pleas Court, which affirmed the decision of the board of review.

Appellant appeals, asserting the following assignments of error:

"I. The Court of Common Pleas erred in finding that the Decision of the State of Ohio Unemployment Compensation Board of Review was not against the manifest weight of the evidence before the board and was not unreasonable, arbitrary or capricious.

"II. The Court of Common Pleas erred [as] a matter of law in affirming the Decision of the State of Ohio Unemployment Compensation Board of Review being reviewed by the Court of Common Pleas."

Appellant's assignments of error are interrelated and considered together. The issue presented by this appeal is whether the common pleas court abused its discretion in affirming the decision of the board of review that appellant quit his job without just cause.

Appellant was laid off from his position as a pump operator at University Shell in December 1984, due to his inability to read, and thus operate his employer's newly installed cash registers. He applied for and received benefits from OBES during his period of unemployment.

He secured employment with appellee Ohio Auto Auction as a driver. The evidence was that appellant was harassed by his employer because he could not drive a standard shift vehicle. Appellant stated that when he began working at the auction, he did not receive a list of rules or regulations, nor was he asked whether he was able to drive a standard shift. Although appellant tried several times to learn, he could not master that technique. He thought there was nothing he could do to improve the situation and, fearful of being fired, he quit.

The Ohio Unemployment Compensation Act provides that a claimant who has quit his employment without "just cause" is not entitled to receive unemployment compensation benefits. R.C. 4141.29 states in pertinent part:

"(D) Notwithstanding division (A) of this section no individual may * * * be paid benefits under the following conditions:

" * * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

Although "just cause" is traditionally defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act," the term does not lend itself to a "slide-rule" definition. *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12, 73 O.O.2d 8, 9, 335 N.E.2d 751, 752.

Appellant was presented with duties he was incapable of performing and he was not informed when hired that he was expected to perform duties which were beyond his capacity. His failure to meet the job requirements created pressures from "[his] employer whereby [he] obtained a reasonable belief that [he] would be discharged for a failure to complete the additional duties." *Krzyston v. Indus. Comm.* (1977), 52 Ohio App.2d 109, 111, 6 O.O.3d 71, 73, 368 N.E.2d 74, 76. Moreover, as this court noted in *Peyton, supra,* a factually similar case, "[t]he ultimate difficulty was that he was not suited for that kind of work and could not make a living doing it." *Id.,* 44 Ohio App.2d at 12, 73 O.O.2d at 9, 335 N.E.2d at 752.

OBES cites *Noelker v. Great Oaks Joint Vocational School* (1982), 8 Ohio App.3d 327, 8 OBR 437, 457 N.E.2d 340, as dispositive of this action. The *Noelker* case, however, is distinguishable as the employee in *Noelker* resigned early in face of discharge based on nonrenewal of the employment contract. There was no showing that the employee was given additional duties which he could not perform, thus creating fear of discharge. Further, in an effort to preempt his termination, the employee in *Noelker* discussed the situation with his supervisor, who advised him that his employment record would look better if he resigned before expiration of his current contract.

The sum of this case is that appellant applied for benefits when he lost his job after fourteen years of steady employment. When he secured employment four months later, he was incapable of performing his assigned duties and resigned to avoid discharge. Then he reapplied for benefits. Three months later, appellant again found employment, where he is currently employed. He had just cause for leaving his job at Ohio Auto Auction as his reason was justifiable. Thus, it was an abuse of discretion to deny him benefits in this case.

Appellant's assignments of error are well taken and are sustained. The judgment of the common pleas court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and BRYANT, JJ., concur.