JOURNAL ENTRY AND OPINION.
Appellant, Laura Roach, is appealing the decision of the trial court affirming the denial of unemployment benefits by the Unemployment Compensation Review Commission. For the following reasons, we affirm.
Appellant testified that she was employed by appellee, Manor Care Nursing Home, as a licensed practical nurse. She quit because her supervisor harassed her. On November 24, 1997, her supervisor, Parveen Rani, yelled at her for using the bathroom. Appellant had not had a break all night. Rani yelled at her in front of everyone for putting someone on continuous feed. The patient's chart said continuous feed. Rani told appellant to turn in her keys and go home. Rani made appellant leave the building at 3 a.m. on a cold winter night. Rani was eventually convinced to allow appellant to wait inside for her ride. When appellant was talking to Rani, Rani started humming. Appellant felt that Rani was trying to get her fired.
Appellant further testified that on January 21, a patient, Mrs. A, said she was feeling funny. Appellant knew Mrs. A was diabetic. She could not get blood from Mrs. A. from a certain finger, and Mrs. A had not given permission to use another finger. Appellant went to get Rani. When appellant returned, appellant took Mrs. A's vitals and drew blood. She went to get Mrs. A a milkshake because her blood sugar was low. Ms. Rani got another nurse, who kept reaching over appellant.
Appellant testified that Ms. Rani complained to the director, Ms. Sanders that appellant was not helpful to Mrs. A. A meeting was held between appellant, Rani and Sanders. Sanders told appellant she was not fit to practice nursing anywhere. Appellant felt Sanders was pressuring her to resign. Appellant said, "I have no choice but to resign". Appellant was tearful and in shock. She faxed a resignation letter later that day. The next day, she tried to rescind the resignation letter.
Rebecca Sanders testified that appellant's performance evaluation states that appellant was not meeting the performance standards of a charge nurse. Appellant was insubordinate. Appellant did not correctly handle the incident with Mrs. A. Appellant should have had glucose on her cart, because she knew she had diabetic patients. Appellant did not even minimally perform in the crisis.
Parveen Rani testified that appellant informed her that Mrs. A was having "an allergic reaction". Appellant and Rani proceeded to Mrs. A's room. Rani asked appellant to get the patient's blood sugar, but appellant could not find the machine. The patient was unconscious for fifteen minutes. Rani took the vital signs and tested Mrs. A's blood sugar. Rani did not see appellant do these things. Appellant basically did nothing to assist the patient. Rani gave the patient sugar. Later, appellant gave the patient a milkshake. Appellant was supposed to keep sugar on her cart.
The trial court held that the decision to deny benefits was not unlawful, unreasonable or against the manifest weight of the evidence.
Appellant's sole assignment of error states:
 THE COURT OF COMMON PLEAS COMMITTED PREJUDICIAL ERROR IN AFFIRMING THE DECISION OF THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION WHEN SUCH COMMISSION ON AUGUST 27, 1998 REVERSED THE ADMINISTRATOR'S RECONSIDERATION DECISION THAT HELD THAT APPELLANT-CLAIMANT QUIT OR RESIGNED HER JOB FOR JUST CAUSE DUE TO UNJUSTIFIED REPRIMAND, ANNOYANCE, DISCRIMINATION OR ABUSE BY A PERSON OF AUTHORITY; SUCH ERROR CONSISTING OF:
 A. ERRORS OF LAW AS TO LEGAL ISSUES, APART FROM ABUSE OF ITS DISCRETION IN DETERMINING FACTUAL ISSUES THAT WERE BEFORE THE REVIEW COMMISSION; AND,
 B. ERRORS OF LAW BY ABUSE OF ITS DISCRETION IN AFFIRMING ALL FACTUAL ISSUES DECIDED BY THE REVIEW COMMISSION ADVERSE TO APPELLANT.
A decision of the unemployment compensation board of review may only be reversed if the decision is unlawful, unreasonable or against the manifest weight of the evidence. R.C. 4141.28(O),Irvine v. Unemployment Comp. Board of Review (1985),19 Ohio St.3d 15, Tzangas, Plakas Manos v. Ohio Bur. of Emp.Serv. (1995), 73 Ohio St.3d 694. The appellate court is not permitted to make factual findings or determine the credibility of witnesses, but the appellate court may determine whether the board's decision is supported by the evidence in the record.Id.
A claimant is not eligible for unemployment compensation benefits if the claimant quit without just cause. R.C.4141.29(D)(2)(a), Irvine, Tzangas, supra. "Just cause" means that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. Irvine, Tzangas,supra. Just cause determinations must be consistent with the legislative purpose of the Unemployment Compensation Act, to provide financial assistance to individuals who are able and willing to work, but are unemployed through no fault of their own.Irvine, Tzangas, supra.
Appellant asserts that the Review Commission used the incorrect standard by stating, "Claimant did not act as a reasonable/prudent person would act in the same or similar circumstances". We see no practical difference between this statement, and the standard set out in the case law. A reasonable prudent person would not quit their job without a justifiable reason.
Appellant contends that she had a justifiable reason to quit because she had an intolerable relationship with her supervisor. Generally, a person who quits because of a problem with working conditions must make reasonable efforts to solve the problem before quitting. See DiGiannantoni v. Wedgewater Animal Hosp.,Inc. (1996), 109 Ohio App.3d 300, 308. The employee must attempt to notify the employer of the problem, and give the employer the opportunity to correct the problem. See King v. State Farm Mut.Auto Ins. Co. (1996), 112 Ohio App.3d 664, 669-670. Appellant did not offer any evidence that she requested any help to improve the relationship with the supervisor, or request a different supervisor.
In certain circumstances, such as physical sexual harassment, the employee is justified in quitting without giving the employer notice of the problem. See DiGiannantoni, supra. The circumstances did not rise to such a level here. The Board of Review could reasonably find that appellant did not have reasonable justification in quitting, at least without making efforts to correct the problems with working conditions.
Appellant asserts that she had just cause to quit because she felt sooner or later, her supervisor would see to it that she was fired. The Board of Review could reasonably find that the evidence did not establish that it was certain appellant would be discharged. The record did not indicate that Manor Care had any plans to terminate appellant. Appellant did not quit to accept other employment after notice of an impending lay-off. SeeHolbrook v. Board of Review, Ohio Bureau of EmploymentServices, (1985), 22 Ohio App.3d 88. Quitting in anticipation of discharge for poor performance is not a justifiable reason to quit for unemployment compensation purposes. Noelker v. Great OaksJoint Vocational School Dist. (1982), 8 Ohio App.3d 327, 328;Mosley v. Board of Review (Jan. 15, 1987), Cuyahoga App. No. 51405, unreported. There was evidence that appellant performed poorly and was insubordinate and thus caused any desire the employer had to terminate her.
The denial of benefits was not unlawful, unreasonable or against the manifest weight of the evidence.
Appellant's assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, J., AND BLACKMON, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE