[Cite as *Harris, Meyer, Heckman & Denkewalter v. Havens*, 2012-Ohio-5794.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CHAMPAIGN COUNTY

| | | |
|---|---|---|
| HARRIS, MEYER, HECKMAN & DENKEWALTER | : | Appellate Case No. 2012-CA-21 |
| Plaintiff-Appellant | : | Trial Court Case No. 12-CV-17 |
| v. | : | |
| CAROLYN M. HAVENS, et al. | : | (Civil Appeal from Common Pleas Court) |
| Defendant-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of December, 2012.

. . . . . . . . . . .

DARRELL L. HECKMAN, Atty. Reg. #0002389, Harris, Meyer, Heckman & Denkewalter, LLC, One Monument Square, Suite 200, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellant

MICHAEL DeWINE, Atty. Reg. #0009181, by PATRIA V. HOSKINS, Atty. Reg. #0034661, Health and Human Services Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215-3400
      Attorney for Defendant-Appellee, Ohio Dept. Of Job & Family Services

MATTHEW STOKELY, Atty. Reg. #0062611, Pickrel, Schaeffer & Ebeling, Co., LPA, 2700 Kettering Tower, Dayton, Ohio 45423
      Attorney for Defendant-Appellee, Carolyn M. Havens

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** An individual may not be paid unemployment compensation benefits if the individual was discharged for just cause in connection with the individual's work. Appellee-Claimant was discharged by Appellant-Employer because she pleaded guilty to misdemeanor charges that stemmed from a domestic dispute involving herself and her estranged husband's girlfriend. Appellee and the husband had been alternately occupying the home where the event occurred, but apparently they were both there at the same time when the dispute erupted. Finding her eligible for benefits, the Unemployment Compensation Review Commission (UCRC) determined that the reason she was discharged–pleading guilty–was not sufficiently connected to her work. Given the unique facts of this case, we conclude that this determination is not unreasonable, so we affirm.

## I.

**{¶ 2}** Carolyn Havens worked as a secretary for the law firm of Harris Meyer Heckman & Denkewalter, LLC. In February 2010, she was involved in a domestic dispute with her estranged husband. The dispute occurred in Havens's home. Felony and misdemeanor charges were filed against Havens, stemming from the dispute. The law firm agreed to represent her for free. The attorney who represented Havens told her that if she was convicted of a felony the firm would have to terminate her employment because the firm felt that employing a convicted felon would be inappropriate. The attorney negotiated a plea agreement under which the felony charge would be dropped and Havens would plead guilty to misdemeanor charges of assault and trespass. There was no admonition that conviction for the misdemeanor charges would result in dismissal from employment. Havens accepted the plea agreement and pleaded guilty to the misdemeanor charges. Soon after, the law firm discharged

her.

**{¶ 3}** Havens filed an application for unemployment benefits. The Ohio Department of Job and Family Services determined that she was eligible for them. The law firm appealed the determination to the department's director.[1] The firm contended that Havens was ineligible for benefits under R.C. 4141.29(D)(2)(a), which provides that an individual is not eligible for benefits if the individual has been discharged for just cause in connection with the individual's work. The director transferred the appeal to the UCRC.

**{¶ 4}** A telephone hearing was conducted by a hearing officer, during which both Havens and the law firm made statements. In a written decision, the UCRC concluded that Havens was not discharged for just cause in connection with her work. The officer found that the motivating factor for the discharge was that Havens pleaded guilty to the misdemeanors. "While it is understandable that the employer would be embarrassed by the fact that its secretary pled guilty to criminal acts," wrote the hearing officer, "there is not sufficient connection with work in this instance to create just cause in connection with work for her discharge." Decision (Dec. 16, 2011).

**{¶ 5}** The law firm requested a review of the hearing officer's decision before the UCRC. The UCRC disallowed the request for review, upholding the hearing officer's conclusion that Havens was not discharged for just cause in connection with her work. So the law firm appealed the decision to the trial court. The court affirmed the UCRC's decision, concluding that the decision was not unlawful, unreasonable, or against the manifest weight of the evidence.

---

[1] The director of the Ohio Department of Job and Family Services is also an appellee in this case.

**{¶ 6}** The law firm has now appealed to this Court.

## II.

**{¶ 7}** The sole assignment of error alleges that the trial court erred in finding that the UCRC's decision is reasonable. The standard of review in this Court is the same as it was in the trial court. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St. 3d 694, 696-697, 653 N.E.2d 1207 (1995). "An appellate court may reverse the Unemployment Compensation Board of Review's 'just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence." *Id.* at paragraph one of the syllabus; *see* R.C. 4141.282(H). The appellate court may not "make factual findings or * * * determine the credibility of witnesses." *Id.* at 696. It must simply determine whether the evidence in the record supports the UCRC's decision. *Id.*

**{¶ 8}** By statute, an individual may not be paid unemployment benefits if the individual "has been discharged for just cause in connection with the individual's work." R.C. 4141.29(D)(2)(a). The law firm cites cases that, it says, have held that discharge for a misdemeanor conviction or conduct constituting a misdemeanor is sufficient to make the claimant ineligible for benefits. However, we agree with the appellees that these cases are distinguishable from the present case. In those cases, the claimants' conduct violated not only the criminal law but also their employers' specific employment policies–making the connection with their employment plain. Here there is no evidence that Havens's conduct violated a specific law firm employment policy. Also, the law firm states in its reply brief that this Court has "held that a person terminated for a conviction for misdemeanor assault occurring in any form and not related to work is terminated for just cause." The firm supports

this proposition with a citation to the case of *Wells v. City of Dayton*, Montgomery Co. App. No. CA 9001, 1985 Ohio App. LEXIS 7875 (1985). But *Wells* was not an unemployment compensation case. Wells, a security guard at the Dayton workhouse, was discharged from employment after being convicted of assault on his girlfriend when he kicked in the door of her apartment and wrestled her to the floor. He was fired because he was "[c]onvicted of a criminal offense    * * * to wit: assault," *Id* at 1-2, which constituted a specific violation of Dayton Civil Service Rule 18, section 2(a). His appeal of his discharge was in the civil service context. This court could only have reversed Wells's discharge if "[t]he decision of the common pleas court [was] not supported by a preponderance of reliable, probative and substantial evidence" *Id*. at 3. Thus we do not find *Wells* to be dispositive for this appeal.

{¶ 9}    This Court said in *In Re: Claim Smith*, 2d Dist. Greene No. 85 CA 36, 1985 WL 6964, *3 (Oct. 25, 1985), that "every discharge for just cause does not automatically disqualify the employee for benefits." We cited *Ohio State Reformatory at Mansfield and George F. Denson, Dir. v. McCracken, et al.* (1978), 8 Unemp. Ins. Rep. (CCH) Para. 9147 (Richland CA) and *Chalker v. First Federal Savings and Loan Assoc.*, 71 Ohio Law Abs. 87, 126 N.E.2d 475 (C.P.1955), for the proposition that "'just cause' discharges are not necessarily 'in connection with work.'" *Id*. We affirmed the trial court's denial of Smith's unemployment compensation on the basis that drinking liquor, smoking marijuana with minors, and having sex with a 16 year old, could limit his future assignments as a firefighter-paramedic. His activity was therefore sufficiently in connection with work, even though we did not abandon the stated proposition that a "just cause" dismissal does not automatically exclude unemployment compensation.    Consistent with the proposition is

*Denton v. McCracken*, 5th Dist. Richland No. CA-1663, 1977 WL 200874, *1 (Nov. 18, 1977). There, the court affirmed an eligibility determination even though the claimant had been discharged from her state job after pleading guilty to a charge of petty theft. Recognizing that R.C. 4141.46 requires the unemployment-compensation statutes to be interpreted liberally, the *Denton* court reasoned that "a liberal construction of R.C. 4141.29(D)(2)(a) in favor of the claimant does not allow for the argument that an act of theft, unrelated by time or place to the employment, may, in some circumstances, serve as the predicate for a 'discharge for just cause in connection with his work.'" *Denton* at *2.

{¶ 10}   The UCRC's decision here suggests that it found that although the law firm may have had just cause to discharge Havens the discharge was not in connection with her work. In *Smith*, we said that the question of whether conduct outside work was "in connection with the individual's work" is "essentially a question of fact." *Smith* at *2. The UCRC found that the primary reason for Havens's discharge was that she pleaded guilty to the misdemeanor charges, upon the advice of her employer, and further found that this conduct lacked a sufficient connection to her work. These factual findings are supported by the evidence. We cannot say that the UCRC's decision is, as the assignment of error alleges, unreasonable or, for that matter, unlawful or against the manifest weight of the evidence.

{¶ 11}   The sole assignment of error is overruled.

{¶ 12}   The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH and PIPER, JJ., concur.

(Hon. Robin N. Piper, Twelfth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Darrell L. Heckman
Michael DeWine
Patria V. Hoskins
Matthew D. Stokely
Hon. Roger B. Wilson