Opportunity Consultants, Inc., Appellee, *v.* Tugrul, Appellant.

[Cite as Opportunity Consultants, Inc., v. Tugrul (1976), 47 Ohio App. 2d 346.]

(No. C-75319—Decided March 22, 1976.)

*Mr. John H. Engle,* for appellee.
*Mr. Thomas D. Shackleford,* for appellant.

DAHLING, J. This is an appeal from the Hamilton County Municipal Court wherein after a bench trial judgment was rendered for plaintiff, the appellee herein, in the amount of $1,361.34, against defendant, the appellant.

The complaint alleged that defendant entered into a written contract with the plaintiff, an employment agency, agreeing to accept employment with Clow Corporation. The Clow Corporation assumed the fee obligation except in the event defendant failed to remain in the new position for *ninety days* and left with fault, in which case the fee obligation would revert back to defendant. In the latter instance, defendant agreed to pay plaintiff a fee of $2,025, or the amount refunded the employer, whichever was less.

The defendant has assigned the following error for review:

"The trial court erred in finding that defendant-appellant voluntarily left with fault his employment with Clow Corporation, thereby placing him within the purview of the penalty provisions of the contract between plaintiff-appellee and defendant-appellant."

The facts are in dispute as to whether defendant was discharged due to a layoff or due to defendant's giving notice that he was resigning effective October 4, 1972. In any event, Clow Corporation terminated his employment before he had worked ninety days.

The trial court found that defendant stated to his employer, Clow Corporation, that he would be leaving and going to other employment, but that he was going to stay for *ninety days*. The trial court concluded that the discharge of defendant by Clow Corporation as a result of this statement was a discharge for just cause.

In our opinion, where an employee informs an employer he is resigning at a date in the future and the employer immediately discharges the employee, solely for this reason, it is not a termination for a failure or fault of the employee.

In regards to the agreement between the parties, we hold that the termination in the instant case does not come within any of the provisions of the written employment contract. In 11 Ohio Jurisprudence 2d 377, Contracts, Section 133, it is stated that where a contract is plain and unambiguous, it does not become ambiguous by reason of the fact that in its operation it will work a hardship upon one of the parties thereto and a corresponding advantage to the other. See, also, the *Ohio Crane Co.* v. *Hicks,* 110 Ohio St. 168.

We also cite with approval from 11 Ohio Jurisprudence 2d 391, Contracts, Section 147:

"A fundamental and frequently applied general rule of construction is that if there is doubt or ambiguity in a language of a contract the document is to be construed strictly against the party who prepared it or selected its language and in favor of the party who took no part in its preparation or in the selection of its language. He who speaks should speak plainly or the other party may explain to his own advantage." *Stone* v. *Rockefeller,* 29 Ohio St. 625.

In conclusion, the judgment is reversed and final judgment is entered for the defendant.

*Judgment reversed.*

Cook, P. J., and Dowd, J., concur.

Cook, P. J., and Dahling, J., of the Eleventh Appellate District, and Dowd, J., of the Fifth Appellate District, sitting by designation in the First Appellate District.