**Bank One Cleveland, N.A. v. Mason
Case No. 57590**

**Cuyahoga County, (8th)
Decided January 11, 1990**
[Cite as 1 AOA 289]

*For plaintiff-appellant:*
Donald F. Woodcock, Esq., Thomas R. Coerdt, Esq., 1800 Society Building, Cleveland, OH 44114.

*For defendant-appellees:*
Anthony J. Celebrezze, Jr., Attorney General, Merrill H. Henkin, 615 West Superior Avenue, Cleveland, OH 44113-1899. Sanford Gross, Esq., 1326 Terminal Tower, Cleveland, OH 44113.

*PER CURIAM*

Employer Bank One Cleveland, N.A., appeals from the trial court's ruling that affirmed the Unemployment Compensation Board of Review's finding that claimant Carol Mason was entitled to unemployment benefits because she was discharged without just cause. The employer's three assigned errors challenge the trial court's ruling.

The relevant facts are not disputed. Claimant had been employed by Chardon Savings Bank since 1957. She performed her work satisfactorily and was promoted to branch manager. In 1984, Bank One merged with Chardon Savings Bank. Work standards changed and claimant received unsatisfactory performance reviews. She was reassigned as an assistant branch manager, albeit at the same rate of pay as a branch manager. Upon further review, the employer suggested that claimant seek other positions within or outside the bank.

Claimant believed this to be an untenable situation in view of the fact that her scheduled retirement was several months away. On December 21, 1987, she submitted a letter of resignation stating, "This will serve as notice of my resignation from employment at BANK ONE, CLEVELAND, N.A., effective January 11, 1988."

Upon receiving the letter of resignation, the bank construed the letter according to its internal policy of immediately terminating employees in sensitive positions. Claimant was

paid for a two week period, up to and including January 1, 1988.

The referee assigned to hear this matter concluded that the employer's termination of employment prior to the claimant's stated date of resignation constituted a discharge without just cause. The court's affirmance of that ruling is the sole issue on appeal.

Resignation in anticipation of being discharged has been found to be quitting without just cause under R.C. 4141.29(D) (2) (A). See *Noelker* v. *Great Oaks Joint Vocational School* (1982), 8 Ohio App. 3d 327; *Mosley* v. *Bd. of Review* (Jan. 15, 1987), Cuyahoga App. No. 51405, unreported, at 9. However, in some circumstances the coercion of an employer in inducing the claimant to resign may lead to the conclusion a resignation was so forced that it results in a constructive discharge. See *De Le Torre* v. *Bd. of Education* (May 16, 1985), Cuyahoga App. No. 49112, unreported, at 11.

Discharge prior to the effective date of an employee's resignation is a different matter. In *Opportunity Consultants, Inc.* v. *Tugrul* (1976), 47 Ohio App. 2d 346, the court held that where an employee informs an employer he is resigning at a date in the future and the employer immediately discharges the employee, solely for that reason, it is not a termination for a failure or fault of the employee. *Id.*, at 348. This reasoning has been applied to applications for unemployment compensation benefits. See *Taylor Winfield Corp.* v. *Gindele* (Nov. 30, 1981), Trumbull App. No. 2988, unreported.

We agree that a termination prior to the effective date of an employee's prospective resignation constitutes a dismissal without just cause pursuant to R.C. 4141.29(D) (2) (a). A resignation is voluntary only as to the date on which the employee intends that the resignation takes effect.[1] In a proper case, an employer might have a justifiable reason for seeking to implement a prospective resignation immediately. We have no occasion to detail what those reasons might be, but we are of the opinion that such reasons would need to be closely tailored to a legitimate interest of the employer *and* must be reasonably communicated to the employee prior to the submission of a letter of resignation.

In this case, the employer asserted what it deemed to be a justifiable reason for immediate discharge. The evidence, however, fails to show that the employer's "policy" had ever been communicated to its employees.[2] Since the resolution of purely factual questions are primarily for the board to determine, *Hall* v. *American Brake Shoe* (1968), 13 Ohio St. 2d. 11, we find that the trial court properly affirmed that finding. We find no abuse of discretion in the trial court's ruling. *Angelkovski* v. *Buckeye Potato Chip Co.* (1983), 11 Ohio App. 3d 159; *Feldman* v. *Loeb* (1987), 37 Ohio 3d 188. The assigned errors are overruled.

### Judgment is affirmed.

This cause is affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.

JOHN T. PATTON, PRESIDING JUDGE
DAVID T. MATIA, JUDGE
JOSEPH J. NAHRA, JUDGE

---

[1] Claimant stated that she made her resignation prospective for the reason that her immediate supervisor was scheduled for vacation time. By giving three weeks notice, her resignation would not have been effective until her supervisor returned.

[2] An employee handbook was admitted into evidence at the hearing. The handbook does not detail the employer's "policy" of immediately terminating employees who resign prospectively.