March 23, 1994 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1802

 MARIAN RAMS AND LEONARD RAMS,

 Plaintiffs, Appellants,

 v.

 ROYAL CARIBBEAN CRUISE LINES, INC.,

 Defendant, Appellee.

 

 ERRATA SHEET

 The opinion of this court issued on March 3, 1994, is
amended as follows:

 On page 2, line 9, change "May 8, 1992," to "April 6, 1990."

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1802

 MARIAN RAMS AND LEONARD RAMS,

 Plaintiffs, Appellants,

 v.

 ROYAL CARIBBEAN CRUISE LINES, INC.,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Walter Jay Skinner, U.S. Senior District Judge]
 

 

 Before

 Selya, Circuit Judge,
 
 Coffin, Senior Circuit Judge,
 
 and Cyr, Circuit Judge. 
 

 

 James M. Lynch with whom Geoffrey A. Domenico was on brief for
 
appellants.
 Frank H. Handy, Jr. for appellee.
 

 

 March 3, 1994
 

 COFFIN, Senior Circuit Judge. This appeal tests the
 

applicability of a one year limitation provision in a passenger

cruise ticket to an injury suffered by a passenger while ashore,

on hotel property owned by the same entity which owned and

operated the cruise vessel.

 In the spring of 1990, plaintiffs, Marian and Leonard Rams,

residents of Massachusetts, embarked on a Caribbean cruise on a

ship owned by defendant, Royal Caribbean Cruise Lines, Ltd., a

Florida corporation. On April 6, 1990, while on a shore

excursion in Haiti at a tourist resort owned by defendant, Mrs.

Rams fell on a walkway, sustaining injuries. A little over two

years later, both Rams filed suit, alleging that defendant

"negligently maintained a defective and dangerous condition" on

the walkway, and seeking damages for personal injuries and loss

of consortium. 

 On the strength of an affidavit containing a copy of a

ticket contract identical to that given to plaintiffs, defendant

moved for summary judgment, asserting that plaintiffs had failed

to institute suit within the one year period allowed by the

contract.1 The Rams argued that their claim was not covered by

 

 1The contract provides, in relevant part:
 In no event shall the Carrier be liable for any

 accident or harm to the Passenger which occurs off the
 Vessel itself.
 . . . 
 NO SUIT SHALL BE MAINTAINABLE AGAINST THE CARRIER OR
 VESSEL FOR DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR
 DEATH OF THE PASSENGER UNLESS WRITTEN NOTICE OF THE CLAIM,
 WITH FULL PARTICULARS, SHALL BE DELIVERED TO THE CARRIER OR
 ITS AGENT AT ITS OFFICE AT THE PORT OF SAILING OR AT THE

 -3-

this time limitation, and urged the court to apply the three year

statute of limitations for tort actions provided by Massachusetts

law, Mass. Gen. L. ch. 260 2A (1992).

 The district court engaged in a maritime tort law analysis

and, apparently on the assumption that the complaint alleged a

failure to warn, concluded that a carrier's duty to warn

passengers of on-shore hazards was so intimately related to

traditional carrier-passenger relationships that the tort in this

case was maritime in nature even though occurring at the resort.

It then disavowed part of the ticket contract exempting the

carrier for liability for off-the-ship injuries as being in

contravention of public policy; noted that the ticket's one year

limitation provision complied with governing law, as it met the

statutory requirement of 46 U.S.C. 183b(a) (making it unlawful

for owners of passenger-transport ships to provide a statute of

limitations of less than one year for institution of suits for

loss of life or bodily injury), and the "reasonable

communicativeness" standard applicable to contracts of passage,

see, e.g., Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 8-9
 

(1st Cir. 1991); and applied the limitation provision to grant

summary judgment for defendant.

 

 PORT OF TERMINATION WITHIN SIX (6) MONTHS FROM THE DAY WHEN
 SUCH DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH OF
 THE PASSENGER OCCURRED AND IN NO EVENT SHALL ANY SUCH SUIT
 FOR ANY CAUSE AGAINST THE CARRIER OR VESSEL FOR DELAY,
 DETENTION, PERSONAL INJURY, ILLNESS OR DEATH BE MAINTAINABLE
 UNLESS SUCH SUIT SHALL BE COMMENCED WITHIN ONE (1) YEAR FROM
 THE DAY WHEN THE DELAY, DETENTION, PERSONAL INJURY, ILLNESS
 OR DEATH OF THE PASSENGER OCCURRED, NOTWITHSTANDING ANY
 PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY.

 -4-

 Our own view is that this case does not require us to delve

into either the locality or nexus requirements for a maritime

tort under Executive Jet Aviation, Inc. v. Cleveland, 409 U.S.
 

249 (1972). We view this as a straightforward contract case. To

illustrate why we think maritime tort considerations merely fog

the issue, we hypothesize the following: if the ticket in this

case had explicitly set forth a one year limitation period for

any personal injury claims, whether the injuries were suffered on

ship or shore, we strongly suspect that this suit would be

barred, whether or not the tort were maritime in nature, because

such a provision would meet the threshold one year minimum

requirement of 46 U.S.C. 183b(a). 

 The salient question in our minds is whether this

particular ticket contract limitations provision applies to

claims based on injuries suffered on shore after the passenger

clearly has left the ship. The contract in this case being one

for "transportation of the plaintiff," it is a maritime contract.

The Moses Taylor, 71 U.S. 411, 427 (1866); see also Hodes v.
 

S.N.C. Achille Lauro ed Altri-Gestione, 858 F.2d 905, 909 (3d
 

Cir. 1988). We see, however, nothing in this fact to change the

ordinary strictures governing our plenary review of the meaning

of a written contract, including the principle that "in case of

doubt, an instrument is to be taken against the party that drew

it." Chelsea Industries, Inc. v. Accuray Leasing Corp., 699 F.2d
 

58, 61 (1st Cir. 1983). On the contrary, if there were any

difference in approach between maritime and common law, we

 -5-

suspect that the former would be more solicitous of those in

plaintiffs' position. Cf. Moragne v. States Marine Lines, 398
 

U.S. 375, 387 (1970).

 Our inquiry into intent and ambiguity yields the following.

The ticket booklet given plaintiffs bears the cover caption

"Passenger Ticket CONTRACT." The term "passenger" is then

defined as "all persons travelling under this ticket." The word

"carrier" is defined as "Royal Caribbean Cruises Ltd.2 and all

Vessels either chartered, operated, or controlled by Royal

Caribbean Cruises Ltd." Subsequent provisions exclude liability

of the carrier "for any accident or harm to the Passenger which

occurs off the vessel itself" or "occurring onshore" and specify

that "[s]hore excursions are operated by independent contractors

and the Carrier shall not be responsible . . . for . . . injury .

. . arising out of any service provided by such independent

contractors."

 These provisions are followed by the limitations clause,

which states, in bold letters, that "[n]o suit shall be

maintainable against the carrier or vessel for . . . personal

injury . . . of the passenger unless written notice . . . is

delivered to the carrier . . . within six (6) months from the

[date of personal injury] . . . and in no event shall any such

 

 2The name of the defendant appearing in all the pleadings,
motions, memoranda of law, and the district court opinion is
"Royal Caribbean Cruise Lines, Ltd." or "Royal Caribbean Cruise
Lines, Inc." In the ticket contract, however, it appears as
"Royal Caribbean Cruises Ltd." There has been no explanation for
this discrepancy. We do not suggest that this has legal
consequences, in light of our conclusion.

 -6-

suit . . . be maintainable unless such suit shall be commenced

within one (1) year from the day when the . . . personal injury .

. . occurred . . . ." 

 Reading the contract as a whole, we conclude that its

reasonable intendment is to refer to claims of passengers for

injuries while on board ship. Not only does the definition of

passenger as one "travelling under this ticket" smell of the sea,

but this interpretation is strongly reinforced by the explicit

avoidance of liability for injuries sustained on shore. There is

even the added statement that shore excursions are in the hands

of independent contractors for whose actions the carrier has no

liability. Finally, the definition of carrier refers to Royal

Caribbean Cruises Ltd. "and all vessels . . . owned" by it.

There is no mention of "hotels or resorts" owned by it. As Judge

Aldrich wrote for our court in Chelsea Industries, "He who speaks
 

should speak plainly or the other party may explain to his own

advantage." 699 F.2d at 61 (quoting Opportunity Consultants,
 

Inc. v. Tugrul, 354 N.E.2d 698, 699 (Ohio 1976)).
 

 Although we believe that the above reading of the ticket

contract is correct, we have absolutely no doubt that the

contract is at the very least ambiguous and that therefore it

must be construed against the defendant. Finally, even if the

relevant provisions were to escape the meaning we ascribe to them

and to hurdle the obstacle of ambiguity, they would fail to meet

our standard of "reasonable communicativeness" under such cases

as Lousararian. We could not say, for example, that after
 

 -7-

examining "the facial clarity of the ticket contract" that the

"language and appearance make the relevant provisions

sufficiently obvious and understandable." Id. at 8.
 

 The grant of summary judgment for defendant is reversed and
 

the case is remanded to the district court for further
 

proceedings consistent with this opinion.
 

 -8-