USCA1 Opinion

 

 March 23, 1994 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1802 MARIAN RAMS AND LEONARD RAMS, Plaintiffs, Appellants, v. ROYAL CARIBBEAN CRUISE LINES, INC., Defendant, Appellee. ____________________ ERRATA SHEET The opinion of this court issued on March 3, 1994, is amended as follows: On page 2, line 9, change "May 8, 1992," to "April 6, 1990." UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1802 MARIAN RAMS AND LEONARD RAMS, Plaintiffs, Appellants, v. ROYAL CARIBBEAN CRUISE LINES, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Walter Jay Skinner, U.S. Senior District Judge] __________________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ James M. Lynch with whom Geoffrey A. Domenico was on brief for ______________ _____________________ appellants. Frank H. Handy, Jr. for appellee. ___________________ ____________________ March 3, 1994 ____________________ COFFIN, Senior Circuit Judge. This appeal tests the ______________________ applicability of a one year limitation provision in a passenger cruise ticket to an injury suffered by a passenger while ashore, on hotel property owned by the same entity which owned and operated the cruise vessel. In the spring of 1990, plaintiffs, Marian and Leonard Rams, residents of Massachusetts, embarked on a Caribbean cruise on a ship owned by defendant, Royal Caribbean Cruise Lines, Ltd., a Florida corporation. On April 6, 1990, while on a shore excursion in Haiti at a tourist resort owned by defendant, Mrs. Rams fell on a walkway, sustaining injuries. A little over two years later, both Rams filed suit, alleging that defendant "negligently maintained a defective and dangerous condition" on the walkway, and seeking damages for personal injuries and loss of consortium. On the strength of an affidavit containing a copy of a ticket contract identical to that given to plaintiffs, defendant moved for summary judgment, asserting that plaintiffs had failed to institute suit within the one year period allowed by the contract.1 The Rams argued that their claim was not covered by ____________________ 1The contract provides, in relevant part: In no event shall the Carrier be liable for any accident or harm to the Passenger which occurs off the Vessel itself. . . . NO SUIT SHALL BE MAINTAINABLE AGAINST THE CARRIER OR VESSEL FOR DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH OF THE PASSENGER UNLESS WRITTEN NOTICE OF THE CLAIM, WITH FULL PARTICULARS, SHALL BE DELIVERED TO THE CARRIER OR ITS AGENT AT ITS OFFICE AT THE PORT OF SAILING OR AT THE -3- this time limitation, and urged the court to apply the three year statute of limitations for tort actions provided by Massachusetts law, Mass. Gen. L. ch. 260 2A (1992). The district court engaged in a maritime tort law analysis and, apparently on the assumption that the complaint alleged a failure to warn, concluded that a carrier's duty to warn passengers of on-shore hazards was so intimately related to traditional carrier-passenger relationships that the tort in this case was maritime in nature even though occurring at the resort. It then disavowed part of the ticket contract exempting the carrier for liability for off-the-ship injuries as being in contravention of public policy; noted that the ticket's one year limitation provision complied with governing law, as it met the statutory requirement of 46 U.S.C. 183b(a) (making it unlawful for owners of passenger-transport ships to provide a statute of limitations of less than one year for institution of suits for loss of life or bodily injury), and the "reasonable communicativeness" standard applicable to contracts of passage, see, e.g., Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 8-9 ___ ____ ___________ _____________________ (1st Cir. 1991); and applied the limitation provision to grant summary judgment for defendant. ____________________ PORT OF TERMINATION WITHIN SIX (6) MONTHS FROM THE DAY WHEN SUCH DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH OF THE PASSENGER OCCURRED AND IN NO EVENT SHALL ANY SUCH SUIT FOR ANY CAUSE AGAINST THE CARRIER OR VESSEL FOR DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH BE MAINTAINABLE UNLESS SUCH SUIT SHALL BE COMMENCED WITHIN ONE (1) YEAR FROM THE DAY WHEN THE DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH OF THE PASSENGER OCCURRED, NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY. -4- Our own view is that this case does not require us to delve into either the locality or nexus requirements for a maritime tort under Executive Jet Aviation, Inc. v. Cleveland, 409 U.S. _____________________________ _________ 249 (1972). We view this as a straightforward contract case. To illustrate why we think maritime tort considerations merely fog the issue, we hypothesize the following: if the ticket in this case had explicitly set forth a one year limitation period for any personal injury claims, whether the injuries were suffered on ship or shore, we strongly suspect that this suit would be barred, whether or not the tort were maritime in nature, because such a provision would meet the threshold one year minimum requirement of 46 U.S.C. 183b(a). The salient question in our minds is whether this particular ticket contract limitations provision applies to claims based on injuries suffered on shore after the passenger clearly has left the ship. The contract in this case being one for "transportation of the plaintiff," it is a maritime contract. The Moses Taylor, 71 U.S. 411, 427 (1866); see also Hodes v. _________________ ___ ____ _____ S.N.C. Achille Lauro ed Altri-Gestione, 858 F.2d 905, 909 (3d ________________________________________ Cir. 1988). We see, however, nothing in this fact to change the ordinary strictures governing our plenary review of the meaning of a written contract, including the principle that "in case of doubt, an instrument is to be taken against the party that drew it." Chelsea Industries, Inc. v. Accuray Leasing Corp., 699 F.2d ________________________ _____________________ 58, 61 (1st Cir. 1983). On the contrary, if there were any difference in approach between maritime and common law, we -5- suspect that the former would be more solicitous of those in plaintiffs' position. Cf. Moragne v. States Marine Lines, 398 ___ _______ ____________________ U.S. 375, 387 (1970). Our inquiry into intent and ambiguity yields the following. The ticket booklet given plaintiffs bears the cover caption "Passenger Ticket CONTRACT." The term "passenger" is then defined as "all persons travelling under this ticket." The word "carrier" is defined as "Royal Caribbean Cruises Ltd.2 and all Vessels either chartered, operated, or controlled by Royal Caribbean Cruises Ltd." Subsequent provisions exclude liability of the carrier "for any accident or harm to the Passenger which occurs off the vessel itself" or "occurring onshore" and specify that "[s]hore excursions are operated by independent contractors and the Carrier shall not be responsible . . . for . . . injury . . . arising out of any service provided by such independent contractors." These provisions are followed by the limitations clause, which states, in bold letters, that "[n]o suit shall be maintainable against the carrier or vessel for . . . personal injury . . . of the passenger unless written notice . . . is delivered to the carrier . . . within six (6) months from the [date of personal injury] . . . and in no event shall any such ____________________ 2The name of the defendant appearing in all the pleadings, motions, memoranda of law, and the district court opinion is "Royal Caribbean Cruise Lines, Ltd." or "Royal Caribbean Cruise Lines, Inc." In the ticket contract, however, it appears as "Royal Caribbean Cruises Ltd." There has been no explanation for this discrepancy. We do not suggest that this has legal consequences, in light of our conclusion. -6- suit . . . be maintainable unless such suit shall be commenced within one (1) year from the day when the . . . personal injury . . . occurred . . . ." Reading the contract as a whole, we conclude that its reasonable intendment is to refer to claims of passengers for injuries while on board ship. Not only does the definition of passenger as one "travelling under this ticket" smell of the sea, but this interpretation is strongly reinforced by the explicit avoidance of liability for injuries sustained on shore. There is even the added statement that shore excursions are in the hands of independent contractors for whose actions the carrier has no liability. Finally, the definition of carrier refers to Royal Caribbean Cruises Ltd. "and all vessels . . . owned" by it. There is no mention of "hotels or resorts" owned by it. As Judge Aldrich wrote for our court in Chelsea Industries, "He who speaks __________________ should speak plainly or the other party may explain to his own advantage." 699 F.2d at 61 (quoting Opportunity Consultants, ________________________ Inc. v. Tugrul, 354 N.E.2d 698, 699 (Ohio 1976)). ____ ______ Although we believe that the above reading of the ticket contract is correct, we have absolutely no doubt that the contract is at the very least ambiguous and that therefore it must be construed against the defendant. Finally, even if the relevant provisions were to escape the meaning we ascribe to them and to hurdle the obstacle of ambiguity, they would fail to meet our standard of "reasonable communicativeness" under such cases as Lousararian. We could not say, for example, that after ___________ -7- examining "the facial clarity of the ticket contract" that the "language and appearance make the relevant provisions sufficiently obvious and understandable." Id. at 8. ___ The grant of summary judgment for defendant is reversed and ____________________________________________________________ the case is remanded to the district court for further _________________________________________________________________ proceedings consistent with this opinion. _________________________________________ -8-