JOURNAL ENTRY AND OPINION
Claimant-appellant Sharon M. Potoczak ("appellant") appeals the decision of the Cuyahoga County Court of Common Pleas which affirmed the decision of the Unemployment Compensation Review Commission wherein it found that claimant quit her job with Penton Publishing "without just cause," a disqualifying separation, and, therefore, she was not entitled to unemployment compensation. We find no error and affirm.
The record reflects the following facts giving rise to this appeal. Appellant was employed by Penton Publishing since 1991. On December 12. 1996, she tendered a resignation notice to her employer to be effective as of December 20, 1996 indicating that she intended to continue her career with another company, TMP. All documentation within the record indicates that appellant's asserted reason for her resignation was to accept a new job. On January 7, 1997, she applied for unemployment compensation for the week ending January 11, indicating on her application that she left Penton Publishing to accept a new job. On January 29, OBES denied her application for unemployment benefits finding that her resignation was a disqualifying separation within R.C. 4141.29 (D) (2) (a) and her employment with TMP was insufficient to remove this prior disqualification. On February 4, appellant requested a reconsideration of the determination claiming "unique circumstances" existed. She attached a chronology of events to explain these circumstances. The chronology indicated, inter alia, that on December 12, the day she resigned, she was told by her employer that it would be her "last day." The chronology, however, did not indicate that she was paid through December 26. On March 25, 1997, appellant made a statement to support her request for reconsideration, indicating that she "submitted resignation on 12/12/96 and was let go that day and not permitted to work through 12/20/96." This statement also failed to indicate that appellant was paid beyond her anticipated resignation date. On March 27, the administrator issued its reconsideration decision in which it reversed the initial determination and allowed appellant's claim finding "the facts establish claimant was discharged by Penton Publishing when she submitted her resignation on December 12, 1996. Therefore it will be held claimant was discharged by Penton Publishing under non[-]disqualifying conditions." On April 16, 1997, Penton Publishing initiated its appeal to the Board of Review contesting this decision.
On May 5, 1997, hearing was held on the appeal, at which Ann Eichmann, manager of human resources of Penton Publishing, testified that Penton Publishing accepted appellant's resignation on December 12. 1996 to be effective on December 20. She affirmed that although appellant's last day of work was December 12, appellant was paid through December 26. At that point, the Hearing Officer noted that the Administrator did not have the information before him when the decision made upon reconsideration was entered that appellant was paid up to and including the effective date of her resignation. Ms. Eichmann further stated that it is not uncommon that once a resignation is received and accepted that an employee is told that they can leave at that time.
Next, appellant testified. She admitted that Penton Publishing had accepted her resignation and she admitted that the company paid her for more days than she intended to work.
On May 8, the Board of Review entered its decision. It reversed the Administrator's decision on reconsideration and found that appellant "tendered her resignation to Penton Publishing which was to be effective December 20, 1996. On December 12, 1996, claimant was advised by Penton Publishing that the company accepted her resignation and claimant was paid through December 26, 1996. Claimant was asked to leave her employment on December 12, 1996 for this reason." The Review commission concluded that appellant "quit work with Penton Publishing without just cause."
Appellant appealed the Board of Review's decision to Common Pleas Court claiming that the Board "failed to consider the fact that claimant was immediately discharged upon tendering her resignation." On October 23, 1997, the Administrator was named as appellee. On May 5, 1998, after briefing on the issues, the trial court affirmed the decision of the Review Commission finding that it was not unlawful, unreasonable or against the manifest weight of the evidence. This appeal follows in which appellant advances a single assignment of error for our review.
 THE BOARD OF REVIEW AND THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING MS. POTOCZAK'S QUIT HER EMPLOYMENT WITHOUT JUST CAUSE WHEN THE UNDISPUTED FACTS ESTABLISH MS. POTOCZAK'S EMPLOYMENT WITH PENTON PUBLISHING WAS IMMEDIATELY TERMINATED UPON HER GIVING NOTICE OF HER PROSPECTIVE RESIGNATION WITHOUT HER EMPLOYER EVER HAVING ESTABLISHED OR OTHERWISE GIVEN MS. POTOCZAK ANY NOTICE WHATSOEVER OF ANY COMPANY POLICY REQUIRING THE EMPLOYEE'S IMMEDIATE TERMINATION UPON THE EMPLOYEE'S GIVING OF HIS/HER PROSPECTIVE RESIGNATION.
In her sole assigned error, appellant contends that because she did not have prior notice of her employer's policy to immediately terminate her when she submitted her letter of resignation, then, on the basis of the holding in Bank One,Cleveland v. Mason (1990), 64 Ohio App.3d 723, her termination may be considered "without just cause," thus, allowing her to collect unemployment benefits.
Appellee Ohio Bureau of Employment Services submits that sufficient credible evidence in the record supports the finding of the Review Commission that claimant quit her job without just cause and is, therefore, precluded from receiving unemployment compensation.
Pursuant to R.C. 4141.28 (0), the Common Pleas Court is to determine whether the decision of the Review Commission is unlawful, unreasonable, or against the manifest weight of the evidence. If it so finds then, "* * * it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall decision." R.C. 4141.28 (0). The trier of fact is the Review Commission. Tzangas, Plakas Mannos v. Ohio Bum. ofEmp. Serv. (1995), 73 Ohio St.3d 694. Neither the trial court nor this court may reverse an unemployment compensation determination by the Board unless the determination is "unlawful, unreasonable, or against the manifest weight of the evidence. Id. at 697. The duty of the court of review is to ascertain whether the Board's decision is supported by the evidence in the record. Id. at 696;Kilgore v. Board of Rev. (1965), 2 Ohio App.2d 69, 71.
The Board of Review found that:
 Claimant tendered a resignation to Penton Publishing on December 12, 1996 effective December 20, 1996. Penton Publishing Company chose to pay the claimant beyond the effective date of her resignation or until December 26, 1996.
 Penton Publishing chose to keep claimant on the payroll; however, no work was assigned to her because she had tendered her resignation and it was accepted by Penton Publishing.
 Claimant continues to assert that she has been discharged by Penton Publishing without just cause in connection with work and that she is entitled to unemployment compensation benefits. Claimant cites the case of Bank One, Cleveland, NA v. Mason, et al., Cuyahoga County Court of Appeals, Case No. 57590, decided January 22. 1990.
 The Mason case is not applicable to the present case. Claimant has voluntarily tendered a resignation and she was paid beyond the effective date of her resignation in anticipation of her quitting to accept another position. In the Mason case, the Court considered a constructive discharge in view of the fact that claimant was being demoted, started to receive unsatisfactory reviews and was being told to look for other or outside employment.
 Claimant quit work with Penton Publishing without just cause.
R.C. 4141.29 (D) (2) (a) provides in pertinent part:
 (D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions;
 (2) for the duration of his unemployment if the administrator finds that:
 (a) He quit his work without just cause * * *
Generally, a person who has voluntarily quit work to accept another job has quit without just cause. Radcliff v. ArtromickInternational Inc. (1987), 31 Ohio St.3d 40; Hirsch v. Bd. of Rev.
(Nov. 12, 1987), Cuyahoga App. No. 52908, unreported.
A review of the record in this matter reveals that competent, credible evidence existed to support the finding of the Board of Review that appellant quit her work with Penton Publishing without just cause. Appellant's voluntary abandonment of her position at Penton publishing does not bring her within the purview of the Unemployment Compensation Act.
Appellant in reliance on Bank One v. Mason, supra, insists that she is entitled to benefits due to her termination by Penton publishing prior to her anticipated resignation date because she did not have prior notice that she would be terminated upon tendering a resignation. We find appellant's reliance on Bank One to be misplaced and her argument to be without merit.
Appellant argues that her termination prior to the effective date of her prospective resignation and without notice of such company policy constitutes a "dismissal without just cause." Although appellant consistently claims that she was fired on December 12 without prior notice of such a policy, her argument fails to consider that the Board of Review, as finder of fact, specifically found that Penton Publishing accepted appellant's voluntary resignation, paid her beyond her anticipated resignation date, and no "constructive discharge" of appellant occurred. Thus, it is of no moment that appellant had no prior notice of an alleged company policy to terminate its employees upon receipt of a voluntary resignation.
Moreover, a review of the record indicates that this finding of the Board of Review is supported by competent, credible evidence in the record and is not unlawful, unreasonable or against the manifest weight of the evidence. Thus, the trial court did not err in its affirmance of the Board's determination. Accordingly, appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and ANNE L. KILBANE, J., CONCUR.
 ____________________ TIMOTHY E. MCMONAGLE JUDGE