# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30890
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2015

Lyle W. Cayce
Clerk

DONALD DEAL,

Plaintiff–Appellant,

versus

BANK OF NEW YORK MELLON;
WELLS FARGO BANK, Also Known as America's Servicing Company,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-2701

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Donald Deal, proceeding *pro se*, filed a "Petition for Wrongful Foreclosure and Wrongful Eviction and Damages" in state court against the Bank of New York Mellon ("BNY") and Wells Fargo Bank ("Wells Fargo"). His claims stemmed from the enforcement of a mortgage and the seizure and sale of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30890

property in an earlier executory proceeding.  After removal to federal court, BNY moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c); Wells Fargo moved to dismiss pursuant to Rule 12(b)(6).  The district court granted the motions and dismissed, deciding that Deal's claims challenging the judgment in the executory proceeding were barred by Louisiana's issue preclusion law, Deal thus could not relitigate the object of his claims for damages, he had not properly pleaded the requirements of a claim under the Real Estate Settlement Procedures Act ("RESPA"), and his claims alleging violations of the Louisiana Unfair Trade Practices Act ("LUPTA") failed because LUPTA specifically exempts federally insured lending institutions.

We review Rule 12(b)(6) and Rule 12(c) dismissals *de novo*.  *Frame v. City of Arlington*, 657 F.3d 215, 222 (5th Cir. 2011) (en banc) (Rule 12(b)(6)); *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010) (Rule 12(c)).  To survive such motions, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Frame*, 657 F.3d at 222 (citation omitted); *Great Lakes*, 624 F.3d at 209–10.

Deal poses various disjointed questions and assertions that can be grouped into five issues.  First, he claims the district court erred in granting the Rule 12 motions because his due-process rights were violated by the state court during the executory proceeding.  Deal's conclusional assertions in the district court failed to present a due-process claim.  *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).  We thus decline to consider this claim. *See Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010).

Second, Deal challenges the issue-preclusion ruling.  There is no error in the district court's determination that Louisiana's issue-preclusion rule barred

No. 14-30890

Deal's arguments concerning the propriety of the state executory proceeding. *See Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270–71 (5th Cir. 2005). Although Deal avers that, because of a fraud exception to the issue-preclusion rule, his claims are not barred, that argument comes too late. *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 386 (5th Cir. 2013). Furthermore, the object of the damages claims raised in Deal's petition was determined in the earlier state executory proceeding; therefore, it is unavailing for him to contend that such an issue should not have been dismissed. *Cf. id.* at 388.

Third, Deal maintains that the district court erred in failing to address, with particularity, its rejection of his arguments concerning robo-signed documents. That claim is unavailing. *See* FED. R. CIV. P. 52(a)(3); *Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 358 (5th Cir. 1992).

Fourth, Deal asserts that he stated a valid claim under RESPA because he sent a qualified written request ("QWR") and did not receive an adequate response. Even if Deal's correspondence constituted a QWR, and even if he failed to receive an adequate response, he did not allege actual damages resulting from that failure, *see* 12 U.S.C. § 2605(e), (f), so the RESPA claim was insufficiently pleaded and properly dismissed. *See Frame*, 657 F.3d at 222–23.

Finally, Deal has not briefed any challenge to the finding that BNY and Wells Fargo are federally insured lending institutions and thus are exempt from the requirements of the LUPTA. He has thus abandoned any challenge to that ruling. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Accordingly, the district court did not err in its dismissal of Deal's petition. *See Frame*, 657 F.3d at 222–23.

AFFIRMED.

3