**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PETER LANO; et al., | No. 13-56528 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-01718-PA-JCG |
| v. | |
| CARNIVAL CORPORATION, and/or its/their subsidiaries, related corporations, agents/servants, and employees; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 19, 2015[**]
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Plaintiff-appellants Peter Lano, Nancy Lano, David Philbin, Michelle Philbin, Jonathan Philbin, Michael Philbin, and Michelle Goncalves ("plaintiffs") appeal the district court's grant of summary judgment in favor of defendants Carnival Corp., Carnival PLC, and Futura Cruises, Inc. (collectively "Carnival"). We have jurisdiction pursuant to 28 U.S.C. § 1291.

The Princess Passage Contract applies to passengers on the "Cruise," which is defined to include "any activities, shore excursions, tours, or shoreside facilities related to or offered during the Cruise." There is no genuine dispute that swimming on Grand Turk Island was an "activit[y]... related to... the Cruise." While other provisions in the Passage Contract limit the Carrier's liability for onshore activities, those provisions do not limit the scope of the contract's limitations provision.[1] The Passage Contract therefore applies to the plaintiffs' injuries.

Because the parties do not dispute that Princess is a subsidiary of Carnival, Carnival meets the definition of "Carrier" in the Passage Contract. Therefore, the Passage Contract's requirement that any lawsuit against the "Carrier" be brought within one year is applicable to plaintiffs' suit. *See* 46 U.S.C. § 30508(b)(2).

---

[1]Even if we found the reasoning in *Rams v. Royal Caribbean Cruise Lines, Inc.* to be persuasive, the contract at issue in that case applied only to "persons travelling under this ticket." 17 F.3d 11, 13 (1st Cir. 1994). Because the Passage Contract does not contain such language, *Rams* is not applicable here.

The Passage Contract is binding on the plaintiffs because its terms were reasonably communicated to them. The plaintiffs received copies of the Passage Contract in their pre-cruise packets, and could have read it at their leisure after the cruise. The plaintiffs also had various incentives to study the Passage Contract (*e.g.*, to assess potential claims against Princess). Moreover, the operative provisions do not contain an opaque reference to an obscure body of law. *Cf. Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 835–36 (9th Cir. 2002). Because the plaintiffs were able to become meaningfully informed of the terms of the ticket, it is irrelevant whether they actually read or understood it. *See Oltman v. Holland Am. Line, Inc.*, 538 F.3d 1271, 1277 (9th Cir. 2008).

The district court properly entered summary judgment in favor of Carnival because the plaintiffs failed to file suit within the one year limitations period applicable to their claims under the Passage Contract.

**AFFIRMED.**

3