# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2020

Lyle W. Cayce
Clerk

No. 20-10124

Cline Strickland; Karen Strickland,

*Plaintiffs—Appellants*,

*versus*

Bank of New York Mellon; Ocwen Loan Servicing, L.L.C.; Fidelity National Title Agency, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-750

Before Owen, *Chief Judge*, and King and Engelhardt, *Circuit Judges*.
Per Curiam:*

Plaintiffs brought a Texas state-court action against Defendants alleging multiple causes of action surrounding a property dispute. After removal, Plaintiffs were ordered to refile and comply with federal pleading

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10124

standards. Plaintiffs refiled their state petition with conclusory allegations. The district court granted Defendants' motion to dismiss. We AFFIRM.

I.

Cline Strickland and Karen Strickland (the "Stricklands") own a 33.4-acre plot of land in Parker County, Texas. They obtained a $221,000 loan from Excell Mortgage, Inc. that was intended to be secured by a portion of the property. The Stricklands allege that the portion of the property intended to secure the note was inaccurately described in the deed of trust. The note and deed of trust were transferred to the Bank of New York Mellon ("BONY"). The loan was serviced by Ocwen Loan Servicing, LLC ("Ocwen") and Fidelity National Title Agency, Inc. ("Fidelity") insured title.

The Stricklands allege that Defendants refused to take action to correctly reform the property description in the deed of trust to accurately reflect the parties' intention at the time the loan was made. The Stricklands further allege that Defendants took aggressive collection action in attempting to collect payment on the mortgage. Defendants' actions placed a cloud of title on the property that made it impossible for the Stricklands to sell any portion of the property, and, as a result, the Stricklands were unsuccessful with sales of the property or portions of the property due to the acts and omissions of Defendants.

The Stricklands retained counsel and, in July 2019, filed their original petition in the 415th Judicial District Court of Parker County, Texas. Their state-court petition had 14 causes of action: 1) violations of the Texas

No. 20-10124

Deceptive Trade Practices Act, 2) statutory fraud, 3) common-law fraud, 4) negligence/gross negligence, 5) negligence per se, 6) breach of contract, 7) dual tracking, 8) violation of the Texas Debt Collection Act, 9) violation of the Real Estate Settlement Procedures Act, 10) tortious interference with the contract, 11) violation of Chapter 12 of the Texas Civil Practice and Remedies Code, 12) negligent misrepresentation, 13) violation of the Telephone Consumer Protection Act, and 14) quiet title. The Stricklands sought actual damages, statutory damages, exemplary damages, quiet title, and attorneys' fees. Defendants removed the case to federal court. The Stricklands' counsel applied to be admitted pro hac vice, but his application was denied.

After removal, the district court ordered the Stricklands to file an amended pleading to comply with the Federal Rules of Civil Procedure, local rules, and judge-specific requirements. In this order, the district court specifically cautioned the Stricklands to "pay particular attention to, and comply with, the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, the Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), as well as the requirements of Rules 9(b) and 10 of the Federal Rules of Civil Procedure." On November 4, 2019, the Stricklands filed an Amended Complaint, which was substantially identical to their original state court petition.

Defendants moved to dismiss the Stricklands' Amended Complaint under FED. R. CIV. P. 12(b)(6). On December 11, 2019, the Stricklands moved for leave to file an amended complaint *pro se* but did not attach a proposed amended complaint nor explain how they would fix the

discrepancies to meet federal pleading standards. The district court denied the Stricklands' motion for leave to amend the same day. The court also ordered the Stricklands to respond to Defendants' motion to dismiss by 4:00 p.m. on December 30, 2019.

On December 30, 2019, the Stricklands filed their second motion for leave to amend their complaint *pro se*. They did not respond to the motion to dismiss. On January 3, 2020, the district court granted the motion to dismiss, and final judgment was entered dismissing the Stricklands' claims with prejudice.

The Stricklands filed a timely appeal arguing that the district court erred in two ways.[1] First, they assert that the district court erred in finding that the Stricklands failed to plead any plausible right to relief against the Defendants and granting dismissal. Second, they argue that the district court abused its discretion in denying the leave to amend their complaint. We address each in turn.

## II.

The first issue before the court is whether the district court erred in dismissing the Stricklands' claims against Defendants under Rule 12(b)(6).

---

[1] The Stricklands' notice of appeal only challenges the district court's order granting the Rule 12(b)(6) motion. However, on appeal the Stricklands clearly challenge the motion to dismiss and motion for leave to amend. We liberally construe the appeal because "the intent to appeal [the] unmentioned or mislabeled ruling[s] is apparent and there is no prejudice to the adverse party." *See R.P. ex rel. R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012) (citation omitted).

We review the district court's grant of a motion to dismiss de novo. *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018). Rule 8 (a) (2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a) (2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555. Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Id*. at 555.

Accordingly, we accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). The facts, taken as true, must "state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not entitled to an assumption of truth. *Id*. Where a complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the federal pleading requirements. *Anderson v. U.S. Dep't of Housing & Urban Dev*., 554 F.3d 525, 528 (5th Cir. 2008).

No. 20-10124

The Stricklands argue that the court erred when it granted summary judgment for Defendants. Specifically, they argue that "each and every one of their causes of action meet relief standards." Further, they assert that Defendants' arguments made in the motion to dismiss were worded such that the cause should fail as a matter of law, which is a different standard than is considered at the motion to dismiss stage. In response, Defendants argue that the district court properly concluded that the Stricklands did not plead sufficient facts to state a claim to relief that was plausible on its face, after the court ordered them to refile to comply with the federal pleading requirements.

*Texas Deceptive Trade Practices Act*

The Stricklands argue that their Texas Deceptive Trade Practices Act ("DTPA") claim does not fail as a matter of law because "this is not a pure loan transaction, but a mortgage loan," and as a result they are consumers. They allege Defendants violated the DTPA because they failed to disclose information in an attempt to induce the Stricklands into entering into the agreements that they did when such agreements would likely not be concluded as objectively intended by the Stricklands and failed to remedy problems with the property description. The Stricklands summarize their claim with four conclusory sentences and fail to cite any case law or plead any facts with particularity. Defendants assert the Stricklands are not consumers under the DTPA, "their allegations all relate solely to a loan agreement," and they failed to allege facts showing they were consumers under the DTPA.

No. 20-10124

The DTPA was enacted to protect consumers and allow recovery when certain deceptive acts cause economic damages. *See* Tex. Bus. & Com. Code Ann. § 17.50 (West 2015). To recover under DTPA, a plaintiff must prove: (1) plaintiff is a consumer; (2) defendant is a proper defendant under DTPA; (3) defendant committed a violation of the statute; and (4) the violation caused plaintiff damages. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). To qualify as a consumer under the DTPA, a plaintiff must: (1) seek or acquire goods or services by purchase or lease; and (2) show that the goods or services purchased or leased must form the basis of the complaint. *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App. 1996). Whether the plaintiff is a consumer is a question of law. *Holland Mortgage & Inv. Corp. v. Bone,* 751 S.W.2d 515, 517 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.). "[A] pure loan transaction lies outside the DTPA because money is considered to be neither a good nor a service." *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 133 (Tex. App. 2001) (citations omitted).

For DTPA purposes, Texas courts have held that a purchaser of a loan could sue the bank under the DTPA for an unconscionable course of conduct in foreclosing on a home. *See Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 708 (Tex. 1983). A lender may be subject to a DTPA claim if the borrower's objective is the purchase of a good or service thereby qualifying the borrower as a consumer. *See La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 566-67 (Tex. 1984). When the services provided by the lending bank are incidental to the plaintiff obtaining the mortgage and not the

No. 20-10124

objective of the transaction, however, the plaintiff is not a consumer. *See Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 166 (Tex. App. Austin 1996, no writ).

Defendants argue that the Stricklands failed to allege facts showing they were consumers under the DTPA, and instead argue they obtained a loan. The Stricklands argue this was "not a pure loan transaction, but a mortgage loan (loan secured by real property in the purchase of real property)." The Stricklands did not allege that the loan was obtained to purchase real property, or any facts suggesting any transaction other than borrowing money. For purposes of Rule 12(b)(6) at the pleading stage, the Stricklands have not stated facts constituting a short and plain statement for relief and facts which, if taken as true, support a finding that they would qualify as a consumer under the DTPA.

*Fraud*

The Stricklands also allege two types of fraud: statutory fraud (Tex. Bus. & Com. Code § 27.01) and common-law fraud. In their brief, the Stricklands cite no authority to support any of their claims for fraud, but argue their claims do not fail as a matter of law because they are supported by the "economic-loss rule." Their claims are simply recitations of the elements for the various forms of fraud they are alleging. Defendants argue dismissal should be affirmed because they fall short of the heightened pleading standard for fraud, failing to plead "the who, what, when, where, and how" of any purported fraud.

No. 20-10124

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This court requires a party asserting fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Hermann Holdings, Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002).

Reviewing the Amended Complaint in the most favorable light, although the Stricklands sufficiently recite the elements for statutory fraud and common-law fraud claims under Texas law, they have not been pled with the requisite particularity to survive a motion to dismiss. *See* FED. R. CIV. P. 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). This court has held that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how of the alleged fraud.'" *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

Pleading "fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs, Inc.*, 112 F. 3d 175, 177 (5th Cir. 1997). The Stricklands' common-law fraud claim against Defendants has as an element that the Defendants make a fraudulent misrepresentation or

omission which must be pled with particularity under Rule 9(b). For each fraudulent representation made as the basis of Stricklands' claims, they must show who *made the statement, where and when it was made, and why it was fraudulent. See Id.* at 177-78 (emphasis added). Additionally, the Stricklands failed to show the requisite level of scienter.

Under Texas law, statutory fraud based on a real estate transaction requires that (1) there was a transaction involving real estate; (2) the defendant made a false representation of a past or existing material fact; (3) the false representation was made for the purpose of inducing the plaintiff to enter into a contract; (4) the plaintiff relied on the false representation by entering into the contract; and (5) the reliance caused the plaintiff injury. TEX. BUS. & COM. CODE ANN. § 27.01. The Stricklands alleged no facts regarding a contract conveying real estate and failed to show a misrepresentation of material fact was made "to induce another to enter into a contract for the sale of land or stock." *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App. Waco 2000, pet. denied). A loan transaction, even if secured by land, is not considered to come under the statute. *Id.* As such, the Stricklands have failed to plead sufficient facts to state a claim to relief that was plausible on its face for statutory fraud or common-law fraud under Texas law.

*Remaining Claims*

The Stricklands fail to plead any facts in support of their remaining claims, and simply reference the causes of action by reciting the elements without analysis to legal authority. Claims that are insufficiently pleaded are

properly dismissed. *Deal v. Bank of N.Y. Mellon*, 619 F. App'x 373, 374 (5th Cir. 2015). The district court correctly concluded that the Stricklands failed to plead sufficient facts to state a claim to relief that was plausible on its face for the remaining causes of action brought against the Defendants.

### III.

The Stricklands next assert that the district court erred in denying their leave to amend their complaint. The Stricklands argue that even if some causes of action were properly dismissed, the district court abused its discretion in denying the motion for leave to file an amended complaint. Defendants argue that granting the leave to amend would prejudice Defendants for undue delay.

We review the district court's denial of leave to amend a complaint under Federal Rule of Civil Procedure 15 for abuse of discretion. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

After denying the Stricklands' first motion for leave to amend, the court ordered the Stricklands to respond to the motion to dismiss. On the last day to respond, the Stricklands filed a second motion for leave to amend but

failed to submit a proposed amended complaint. Moreover, the Stricklands did not explain how they would amend to cure pleading defects and provided no additional information they could prove to avoid dismissal. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (finding no abuse of discretion when the plaintiff did not proffer a proposed second amended complaint to the district court, and did not suggest in their responsive pleading any additional facts not initially plead that could, if necessary, cure the pleading defects raised by the defendants).

In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Schiller*, 342 F.3d at 566. In its order, the district court explained its reasoning for denying:

> Plaintiffs have had ample time and opportunity to properly plead their claims. Despite having been warned to comply with the applicable federal rules, they chose to file an amended complaint that made the same conclusory allegations as their original petition. The facts upon which any claims could be based are, and have always been, within plaintiffs' personal knowledge. Giving plaintiffs additional time to retain an attorney and to file an amended response to the motion to dismiss would not serve any purpose as their pleading is wholly deficient. Further, the time for amending plaintiffs' complaint to state a claim is long passed.

After analyzing the motion, the district court determined that the Stricklands' request for leave to amend was futile. Accordingly, the district court did not abuse its discretion by denying leave to amend the complaint.

Defendants further argue that the Stricklands waived other issues on appeal by failing to adequately brief them. Defendants correctly state that the Federal Rules of Appellate Procedure require that an appellant's brief contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies. FED. R. APP. P. 28(a)(8)(A). Local rules also require that "[e]very assertion in briefs regarding matter in the record must be supported by a reference to the page number of the original record." 5th Cir. R. 28.2.2. Failure to adhere to these rules may result in dismissal of the appeal. 5th Cir. R. 42.3.2. The Stricklands' brief includes a Certificate of Compliance.

This court has recognized that the failure to adequately brief an issue on appeal constitutes waiver of that argument. *Robinson v. Guar. Tr. Life Ins. Co.*, 389 F.3d 475, 481 n.3 (5th Cir. 2004) (explaining that failure to adequately brief an issue on appeal constitutes waiver of that argument); *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000) (waiver for failure to include argument in statement of issue or body of brief). The claims made by the Stricklands against Defendants consist of conclusory statements with general references to statutes or elements, but without supportive case law or authority. Arguments without citation or authority are considered abandoned on appeal. *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d

No. 20-10124

106, 113 (5th Cir. 1994). We find the Stricklands have waived all other issues on appeal by failing to adequately brief them.

## IV.

For the foregoing reasons, the judgment is AFFIRMED.